IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRENDA FORMAN, | : | |
| Plaintiff | : | No.  2:24-CV-00266 |
| | : | |
| v. | : | Judge Ranjan |
| | : | |
| AL SCHMIDT, | : | Electronically Filed Document |
| Defendant | : | |

### BRIEF IN SUPPORT OF THE SECRETARY'S MOTION TO DISMISS THE AMENDED COMPLAINT

AND NOW, comes the defendant, Secretary of the Commonwealth Al Schmidt, by his attorney, Meghan A. Flowers, Deputy Attorney General, Civil Litigation Section, and hereby files this Brief in Support of the Secretary's Motion to Dismiss the Amended Complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

### I.  INTRODUCTION

Plaintiff Brenda Forman appears to claim that voting systems used in the Commonwealth are not certified and, accordingly the Secretary has violated the Help America Vote Act of 2002, Section 2 of the Voting Rights Act, Section 2 of the "National Voting Rights Act", the Pennsylvania Constitution and the Pennsylvania Election Code, as well as various U.S. Constitutional provisions.  Yet Plaintiff has not and cannot establish standing, which divests this Court of subject matter jurisdiction.  Further, even if she was somehow able to surmount this fatal jurisdictional hurdle, Plaintiff fails to allege any lucid facts that could support any conceivable cause of action against the Secretary.  Accordingly, the Amended Complaint must be dismissed with prejudice.

## II. BACKGROUND

### A. Allegations of Amended Complaint

Plaintiff, Brenda Forman, *pro se*, is an Allegheny County resident who alleges that the Secretary "has ignored facts" showing that "election machines/systems utilized in Pennsylvania elections are not certified in compliance with Federal and State code." Am. Compl. ECF 10, ¶ I, 1. She further claims that the use of "unlawfully certified" voting systems violate her rights to participate in free and fair elections and that this "lack of action" by the Secretary violates the Help America Vote Act ("HAVA"), Section 2 of the Voting Rights Act, Article VII, § 6 of the Pennsylvania Constitution and the Pennsylvania Election Code, 25 P.S. §§ 3031.2-3031.4. Am. Compl. ¶1. Plaintiff claims that when there is a violation of the laws' provisions "there is voter fraud," "unequal access to the electoral process", and "deprivation of the right to participate in a fair and reliable electoral process." Am. Compl. ¶ 2.

Plaintiff further alleges that the Secretary certified the November 7, 2023 General Election despite the use of "unlawfully certified voting systems to obtain election results". Id. ¶ 4. She claims her vote was diluted and she has been caused "duress" by voting on "illegal" voting systems "tarnish[ing]" her faith because she doesn't trust her "voice will be heard at the ballot 'box'". Id. at ¶ 13.

Plaintiff acknowledges that voting systems used in the Commonwealth must meet federal voting system standards and must be examined and approved for use by the Secretary. Id. at ¶ 3. But the Amended Complaint alleges that the voting systems used in Allegheny County have not been adopted or approved for use there through a majority vote of qualified electors. Id. Plaintiff

seeks "an emergency injunction" requesting, *inter alia*, that ES&S voting systems not be used in Allegheny County or the Commonwealth. Id. at ¶ 7.

### B. Legal Framework

The Help America Vote Act ("HAVA") of 2002, 52 U.S.C. §§20901-21145, enacted after the 2000 Presidential election, was designed to achieve reforms "to improve our country's election system." *See* H.R. REP. No. 107-329, at 31 (2001) ("The circumstances surrounding the election that took place in November 2000 brought an increased focus on the process of election administration, and highlighted the need for improvements. The Help America Vote Act ... will make it possible to implement needed improvements"). HAVA was passed to ensure that eligible voters would not be disenfranchised and that voting and election administration systems will "be the most convenient, accessible, and easy to use for voters" and "will be nondiscriminatory and afford each registered and eligible voter an equal opportunity to vote and have that vote counted." 52 U.S.C. § 20981. Through HAVA, Congress provided funding to assist state and local governments in replacing "punch card voting systems or lever voting systems." 52 U.S.C. § 20902(a)(2).

Title III of HAVA—codified as Subchapter III and consisting of 52 U.S.C. §§ 21081–21102—created new mandatory minimum standards for states to follow in several key areas of election administration, including standards for electronic voting systems. 52 U.S.C. § 21081. HAVA also established the Election Assistance Commission (the "EAC") and tasked it with accrediting testing laboratories and certifying voting systems for use in Federal elections. 52 U.S.C. §§ 20921, 20971.

Under Section 1105-A of the Pennsylvania Election Code, 25 P.S. § 3031.5, the Secretary of the Commonwealth is required to examine and approve electronic voting systems for use in the

Commonwealth. Only voting systems certified by the EAC may be examined, and thus ultimately certified, by the Secretary. 25 P.S. § 3031.5(a). Section 302(c), of the Election Code, 25 P.S. §2642, provides counties with the authority to decide which approved voting system to use. Accordingly, it is Allegheny County (who is not a defendant here), not the Secretary, who determined which both federally and Commonwealth-approved voting system to use in its elections.[1]

As required by Pennsylvania law, all voting systems used in Pennsylvania's 67 counties have been certified by the EAC and approved for use by the Secretary. The Department of State website provides links to the certifications for the voting systems used in each and every county. See, e.g., Allegheny County Voting System, DOS Voting & Election Information (available at https://www.vote.pa.gov/readytovote/Pages/Allegheny-County-Voting-System.aspx). Putting aside her conclusory allegations, Plaintiff has put forth no facts to support her claim that the electronic voting system used in Allegheny County (or voting systems used anywhere else in the Commonwealth) are not certified pursuant to Federal and Pennsylvania law.

### III.   STANDARD OF REVIEW

Under Fed. R. Civ. P. 12(b)(1), a court lacking subject matter jurisdiction over a case must dismiss it. Kerchner v. Obama, 612 F.3d 204, 207 (3d Cir. 2010) ("It is axiomatic that standing to sue is a prerequisite to Article III jurisdiction.") The burden of showing that jurisdiction is proper rests upon the party asserting that jurisdiction. Kokkonen v. Guardian Life Ins. Co. Of Am., 511 U.S. 375, 377 (1994).

---

[1] Of course, any attempt to assert a similar claim against Allegheny County would suffer the same impairments as the instant Complaint does.

4

In ruling on a motion to dismiss pursuant to Fed.R.Civ.P 12(b)(6), the Court must "accept as true the factual allegations in the complaint and draw all reasonable inferences in favor of [the plaintiff]," but "need not accept bald assertions or inferences drawn by the plaintiff if they are unsupported by the facts set forth in the complaint." Odd v. Malone, 538 F.3d 202, 207 (3d Cir. 2008); see also Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57, 570 (2007) (rejecting the "no set of facts" standard") and Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (finding that a complaint must do more than allege the plaintiff's entitlement to relief but rather 'show' such an entitlement via its facts.). The Court need not accept legal conclusions or inferences drawn by plaintiff if unsupported by the facts set forth in the complaint. Twombly, 550 U.S. at 1965. Notwithstanding the liberality accorded to *pro se* pleaders, they are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. See Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013).

## IV.     ARGUMENT

### A. Plaintiff lacks standing to bring this action.

The Amended Complaint should be dismissed because Plaintiff lacks standing to bring this action. Inquiry into standing "is an essential and unchanging part of the case-or-controversy requirement of Article III." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). Whether a party has standing is a threshold jurisdictional question which a court must address prior to and independent of the merits of a party's claims. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 102 (1998). Thus, a court only has jurisdiction over a case if the plaintiff has standing to sue. See Kerchner v. Obama, 612 F.3d 204, 207 (3d Cir. 2010).

To establish standing, the plaintiff must show he has suffered or will suffer an injury in fact that is caused by the conduct of the defendant and that can be redressed by the court. Berg v.

5

Obama, 586 F.3d 234, 239 (3d Cir. 2009) (citing Taliaferro v. Darby Tp. Zoning Bd., 458 F.3d 181, 188 (3d Cir. 2006)).  An "injury in fact" is "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." Lujan, 504 U.S. at 560 (internal citations and quotations omitted).  A generalized grievance that is "undifferentiated and common to all members of the public" is insufficient to establish standing Lujan, 504 U.S. at 575.  "[W]hen the asserted harm is a 'generalized grievance' shared in substantially equal measure by all or a large class of citizens, that harm alone normally does not warrant exercise of jurisdiction."  Warth v. Seldin, 422 U.S. 490, 499 (1975) (citation omitted). As the Third Circuit has recognized, "[w]hen the alleged injury is undifferentiated and common to all members of the public, courts routinely dismiss such cases as 'generalized grievances' that cannot support standing."  Bognet v. Secretary Commonwealth of Pennsylvania, 980 F.3d 336, 349 (3d Cir.), *vacated as moot* by Bognet v. Degraffenreid, 141 S. Ct. 2508 (2021).

That is so here. Plaintiff's claimed injury is that her right to vote in a free and fair election was violated and her vote diluted.  Am. Compl. ¶13. Throughout her amended complaint, Plaintiff states that she was able to vote, but was "forced to use a potentially vulnerable, and proven illegal voting machines/systems during multiple elections causing duress."  See Am. Compl. ¶ 13.[2] Such averments are plainly insufficient to confer standing. Complaints of vote dilution are generalized grievances, incapable of conferring standing, because the supposed disadvantage derives from actions of state government that affect all voters equally.  See Bognet, 980 F.3d at 352 (dismissing voters' claim that their votes were "diluted" by certain mailed ballots for lack of standing); see

---

[2] While Plaintiff also appears to assert that she was a candidate, see Am. Compl. ¶ I, she makes no attempt to assert standing on this basis.  Nor could she.  See Bognet, 980 F.3d at 349 (holding candidate lacks standing based on the claim that the government failed to comply with law with respect to counting of mail-in ballots)

6

also Christie v. President of the United States, 532 Fed. Appx. 88, 89 (3d Cir. 2013); (Plaintiff lacked standing to assert claims that President committed treason); Wood v. Raffensperger, 981 F.3d 1307, 1314-15 (11th Cir. 2020) (dismissing claim based on interest that "only lawful ballots are counted" as generalized grievance insufficient for standing); Samuel v. Virgin Islands Joint Bd. of Elections, Civ. No. 2012-0094, 2013 WL 842946, at **4-5 (D. V.I. March 7, 2013) (dismissing claims regarding alleged failure to use non-EAC certified voting machine for lack of standing). Plaintiff readily concedes that this case is no different, asserting the actions of which she complains injured all voters. See Am. Compl. ¶ 1.

Additionally, to the extent that Plaintiff claims her interest in this litigation is ensuring that all voters may exercise the right to participate in free (not under the control of others) and fair (free from suspicion or bias; reasonable) elections, id., such claims are similarly insufficient to confer standing. Throughout the Amended Complaint, Plaintiff states that she was able to vote, but was "forced to use a potentially vulnerable, and proven illegal voting machines/systems during multiple elections causing duress" and tarnishing her faith. See Am. Compl. ¶ 13. Such interests similar to interests that that "only lawful ballots are counted" or that "government be administered according to the law" are generalized interests that do not permit standing. Wood, 981 F.3d at 1314. Restoration of one's faith in elections is not redress a court can provide.

Plaintiff's claimed harm is neither concrete nor particularized enough to satisfy Article III standing. Accordingly, this Court should dismiss the Amended Complaint.

### B. The Amended Complaint Fails to State Any Cognizable Claims for Relief.

Even if Plaintiff could somehow overcome the fatal jurisdictional obstacle of her lack of standing, the Amended Complaint must be dismissed for failure to state any claim.

**1. Plaintiff fails to state a claim under HAVA.**

Plaintiff purports to state a claim under HAVA. The basis of that claim and what specific section of HAVA she claims to be violated is unclear but that is of no matter. What is clear is that, as courts have repeatedly found, there is no private right of action under HAVA. It is well-established that "'a plaintiff must demonstrate standing for each claim he seeks to press' and 'for each form of relief that is sought.'" Davis v. Fed. Election Comm'n, 554 U.S. 724, 734 (2008) (quoting DaimlerChrysler Corp., 547 U.S. at 352)). There is no private right to enforce a federal statute unless Congress clearly convers such a right. Gonzaga Univ. v. Doe, 536 U.S. 273, 280 (2002). HAVA contains no such provision. Instead, in its enforcement section, it contains a provision allowing actions by the Attorney General for declaratory and injunctive relief, 52 U.S.C. § 21111, and requires states to establish state-based administrative complaint procedures, 52 U.S.C. § 21112. Pennsylvania has done this. See 25 P.S. § 3046.2.

Though it is not clear, Plaintiff presumably is attempting to state a claim under Section 301 of HAVA relating to requirements for voting systems to be used in federal elections. 52 U.S.C. § 21081. As the Third Circuit has recognized, HAVA does not include a private right of action for aggrieved parties. American Civil Rights Union v. Philadelphia City Commissioners, 872 F.3d 175, 181 (3d Cir. 2017) (stating "HAVA does not include a private right of action that allows aggrieved parties to sue nonconforming states."); see also Taylor v. Onorato, 428 F.Supp. 2d 384, 387 (W.D. Pa. 2006) (holding HAVA neither contains private right of action to enforce Section 301 nor creates action against state officials under Section 1983); Samuel, 2013 WL 842946 at *6 (dismissing claim based upon HAVA requirements for voting systems).

Plaintiff has failed to allege any facts as to support any claim that the voting system used by Allegheny County fails to meet HAVA standards, nor could she. But even if she did, there

8

exists no private right of action to enforce such a claim in any event. Accordingly, any claim based upon HAVA must be dismissed.

### 2. Plaintiff fails to state a claim under the Pennsylvania Constitution or the Pennsylvania Election Code.

Article VII, § 6 of the Pennsylvania Constitution provides that the General Assembly shall permit the use of voting machines or other mechanical devices for voting at the option of electors. Significantly, Section 6 also provides that all laws regulating the holding of elections shall be uniform throughout the State. The Pennsylvania General Assembly subsequently amended the Election Code in 1980 to authorize the use of electronic voting systems at polling places. 25 P.S. §§ 3031.1-3031.22. Section 3031.2 authorizes the use of electronic voting systems for any county or municipality which by a majority vote of its electors so chooses. See also 25 P.S. § 3031.3 (placing referendum on electronic voting systems on ballot), § 3031.4 (installation of electronic voting systems).

Of course, with the enactment of HAVA, Congress mandated the replacement of older voting systems for use in federal elections and created minimum standards for electronic voting systems. As the Pennsylvania Supreme Court had held, this effectively preempted the Election Code referendum provisions in Sections 3031.2-4 to the extent that they would require a county to hold a referendum for the use of electronic voting systems that are already mandated by federal law. See Kuznik v. Westmoreland County Bd. Of Com'rs., 902 A.2d 476 (Pa. 2006).

The Court in Kuznik recognized that Section 6 requires, and the Election Code contemplates, a unitary system of voting for state and federal elections whereby the same method of voting is used for both state and federal offices. Id. at 491. The Kuznik Court went on to hold that HAVA preempts the referendum requirement in Sections 3031.2-4 of the

9

Election Code and agreed with the Secretary that holding a referendum is "meaningless" because Westmorland County was required to obtain the EVS to comply with HAVA regardless of the outcome of such referendum. Id. at 497. The Court concluded that "A referendum requiring approval of a change that is mandated by the federal government to insure the most fundamental right to vote constitutes an obstacle to the accomplishment of the federal legislation and, as such, is preempted." Id. at 503.

Accordingly, Plaintiff cannot state a claim based upon Sections 3031.2 through 3031.4 of the Election Code even if she did have standing or possess a private right of action under those provisions (both of which she lacks). The referendum provisions of the Election Code are preempted by HAVA.

### 3. Plaintiff fails to state a claim under the National Voting Registration Act.

Plaintiff's attempts to assert other causes of action are additionally insufficient to state any claim. To the extent that she is attempting to state a claim under the National Voting Registration Act ("NVRA") (52 U.S.C. §§ 20501-20511), Plaintiff has failed to allege any facts to support it. Section 2 of the NVRA simply states the Act's findings and purpose. The provisions of the NVRA concern voter registration and voter roll maintenance. See 52 U.S.C. §§ 20503-20508. While there does exist a private right of action for those aggrieved by a violation of the NVRA, see 52 U.S.C. § 20510, Plaintiff has not plead any facts to support any violation and, in fact, her averment that she voted shows that she was registered. Her amended complaint about voting systems simply has no connection to the NVRA, which deals with voter registration and voter list maintenance. Accordingly, any such claim on this basis should be dismissed.

### 4. Plaintiff fails to state a claim pursuant to Section 2 of the Voting Rights Act.

Plaintiff also purports to state a claim pursuant to Section 2 of the Voting Rights Act, 52 U.S.C. §§ 10301-10314. That attempt fails as well. This section prevents denial or abridgement of the right to vote on account of race or color. See gen. 52 U.S.C. §10301. Plaintiff has not and cannot allege any facts to support her claim that the Secretary denied or abridged her right to vote at all, much less on the basis of race or color. Plaintiff admits that she voted. See Am. Compl., at ¶ 13. As such, Plaintiff has not stated a claim under Section 2 of the Voting Rights Act.

Similarly, while the Amended Complaint references several Constitutional amendments, it fails to allege any facts to support any claim against the Secretary. The Third Circuit has agreed that after Iqbal, it is clear that conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). Plaintiff's claims that the Secretary's certification of voting systems used in Pennsylvania elections pursuant to his duties under Pennsylvania law somehow violate her Constitutional rights are baseless. Accordingly, this Court should dismiss Plaintiff's claim.

## V.    CONCLUSION

Plaintiff has not suffered any redressable injury caused by the Secretary. Her unsupported complaints about voting systems are the type of generalized grievance routinely deemed insufficient for standing in Federal court. Moreover, Plaintiff has not (and cannot) plead any facts to show she is entitled to relief against the Secretary under any cause of action she conclusively alleges. For all of these reasons, the Amended Complaint should be dismissed with prejudice.

**Respectfully submitted,**

**MICHELLE A. HENRY**
**Attorney General**

|  |  |
|---|---|
|  | By:   *s/ Meghan A. Flowers* |
|  | **MEGHAN A. FLOWERS** |
| **Office of Attorney General** | **Deputy Attorney General** |
| **1251 Waterfront Place** | **Attorney ID 326721** |
| **Mezzanine Level** |  |
| **Pittsburgh, PA 15222** | **Nicole R. DiTomo** |
| **Phone: (412) 565-3017** | **Chief Deputy Attorney General** |
| **mflowers@attorneygeneral.gov** | **Civil Litigation Section** |
|  | **Counsel for the Secretary** |
|  |  |
|  | **Pennsylvania Department of State** |
|  | **Kathleen A. Mullen** |
|  | **Deputy Chief Counsel** |
|  | **Attorney ID 84604** |
|  | **306 North Office Bldg.** |
|  | **401 North Street** |
|  | **Harrisburg, PA  17120-0500** |
|  | **(717) 783-0736** |
|  | **kamullen@pa.gov** |

**Date:  April 15, 2024**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | | |
|---|---|---|---|
| BRENDA FORMAN, | : | | |
| Plaintiff | : | No. 2:24-CV-00266 | |
| | : | | |
| v. | : | Judge Ranjan | |
| | : | | |
| AL SCHMIDT, | : | Electronically Filed Document | |
| Defendant | : | | |

**CERTIFICATE OF SERVICE**

I, Meghan A. Flowers, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on April 15, 2024, I caused to be served a true and correct copy of the foregoing document titled BRIEF IN SUPPORT OF THE SECRETARY'S MOTION TO DISMISS THE AMENDED COMPLAINT to the following:

**VIA U.S. MAIL**

**Brenda Forman**
**5301 5th Avenue #9**
**Pittsburgh, PA  15232**
*Pro Se Plaintiff*

                                        *s/ Meghan A. Flowers*
                                        **MEGHAN A. FLOWERS**
                                        **Deputy Attorney General**