IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRENDA FORMAN,<br><br>        Plaintiff,<br><br>v.<br><br>AL SCHMIDT,<br><br>        Defendant. | 2:24-CV-266 |

## ORDER

Before the Court is Defendant Secretary of the Commonwealth Al Schmidt's motion to dismiss *pro se* Plaintiff Brenda Forman's amended complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). After careful consideration, the Court grants Secretary Schmidt's motion, but grants Ms. Forman leave to amend her complaint.

Ms. Forman appears to be a concerned citizen, who resides in Allegheny County. She invokes a number of federal and state statutes and constitutional provisions, but the gist of her complaint is that she is not confident in Allegheny County's electronic voting machines. ECF 10, ¶ 1 ("Plaintiff asserts: that the use of unlawfully certified electronic voting machines in elections, which have countless documented security vulnerabilities, and which do not have transparent processes for the public to view" violate her right to participate in free and fair elections). She thinks they might be unreliable, and she wants proof that her vote from the November 2023 election was correctly counted and tabulated.[1]

---

[1] For example, Ms. Forman writes: "Ms. Forman has no means to verify the accuracy, efficiency, or transparency of the ES&S Voting machines. Ms. Forman does not have access to the source code, the software, or the hardware for the automatic tabulation equipment. Therefore, Ms. Forman is unable to know if her ballot was counted, nor does she know if it was properly represented when using uncertified machines, thus undermining her confidence that her cast vote was accurately tabulated and accurately represented. When Ms. Forman withdraws cash from an Automatic Teller Machine (ATM), she is able to verify that the ATM correctly distributed the amount

Even construing Ms. Forman's allegations liberally, her amended complaint must be dismissed, for at least two reasons.

First, at least as pled, Ms. Forman lacks standing. To establish standing to sue, a plaintiff must plead that she suffered some concrete injury-in-fact. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016), *as revised* (May 24, 2016) ("To establish injury in fact, a plaintiff must show that he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." (cleaned up)). From the allegations in the amended complaint, it's unclear what Ms. Forman alleges that Secretary Schmidt did or didn't do, and how that concretely injured Ms. Forman. To be clear, a voter may arguably have standing to challenge non-compliance by state officials with various provisions of Pennsylvania's Election Code. *See Nat'l Election Def. Coal. v. Boockvar*, 266 A.3d 76, 100-01 (Pa. Commw. Ct. 2021) (finding voters had standing under Pennsylvania law to challenge non-compliance with specific provisions of the Election Code pertaining to electronic voting machines).[2] But the Court can't discern whether Ms. Forman's challenge here is targeted to a specific violation of the Election Code, rather than a more general attack on the reliability of electronic voting machines. (The

---

of cash that Ms. Forman requested by handcounting the bills that were dispensed. Ms. Forman can verify the cash disbursement from the ATM, as can the banking institution. But Ms. Forman has no way to verify her vote. There is no verifiable proof given to qualified electors, as is Ms. Forman, that their vote was counted correctly. To vote, and to have her vote counted are both constitutionally protected rights." ECF 16, at p. 5 (citations omitted).

[2] The Court acknowledges that there may be some differences between Article III standing and standing under state law. *Firearm Owners Against Crime v. Papenfuse*, 261 A.3d 467, 481-82 (Pa. 2021) ("Under Pennsylvania law, the doctrine of standing is a prudential, judicially-created tool, affording discretion to courts. In the federal system, by contrast, standing is both constitutional, implicating Article III's case or controversy requirement, and prudential, involving judicial limits on federal jurisdiction." (cleaned up)). But the Court need not delve into this issue at this time.

attachments to the complaints in this case suggest the latter).

Second, as currently pled, the Court agrees with Secretary Schmidt that the amended complaint doesn't state a claim. Many of the statutes that are invoked don't provide private causes of action. And the vote-dilution theories under the Pennsylvania and U.S. Constitutions are not facially plausible and are very likely impossible claims to bring. Those claims would require Ms. Forman to basically plead that her vote was not counted or that it was tabulated incorrectly due to errors with the machines. But Ms. Forman doesn't know that information, and state law does not provide her with the right to obtain that information through a public-records request. *See Honey v. Lycoming Cnty. Offs. of Voter Servs.*, 312 A.3d 942, 953-54 (Pa. Commw. Ct. 2024) (finding that copies of voting records from voting machines are exempt from Pennsylvania's Right-to-Know Law), *appeal granted*, No. 163 MAL 2024, 2024 WL 4431754 (Pa. Oct. 7, 2024). So, legally and practically, the types of theories of vote dilution that Ms. Forman advances can't be plausibly pled here.

For these reasons, the Court grants Secretary Schmidt's motion, and dismisses the amended complaint. Given that Ms. Forman is proceeding *pro se*, the Court dismisses the amended complaint without prejudice and hereby grants Ms. Forman leave to amend to try to cure the defects noted above. Any amended complaint must be filed within 30 days of the date of this order.

DATE: October 29, 2024                                    BY THE COURT:

                                                          /s/ J. Nicholas Ranjan
                                                          United States District Judge

cc:
Brenda Forman
5301 5th Avenue
#9
Pittsburgh, PA 15232