IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRENDA FORMAN,<br><br>   Plaintiff,<br><br>v.<br><br>AL SCHMIDT,<br><br>   Defendant. | 2:24-CV-266 |

### MEMORANDUM ORDER

Before the Court is Defendant Secretary of the Commonwealth Al Schmidt's motion to dismiss *pro se* Plaintiff Brenda Forman's second amended complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). ECF 21. After careful consideration, the Court grants Secretary Schmidt's motion.

### FACTUAL & PROCEDURAL BACKGROUND

Ms. Forman filed her first complaint on March 4, 2024. ECF 1. Secretary Schmidt filed a motion to dismiss Ms. Forman's first complaint on April 2, 2024. ECF 7. Ms. Forman filed her amended complaint on April 1, 2024. ECF 10. The Court denied Secretary Schmidt's first motion to dismiss as moot in light of Ms. Forman's amended complaint, after which Secretary Schmidt filed a motion to dismiss Ms. Forman's amended complaint. ECF 13. The Court granted Secretary Schmidt's motion, but granted Ms. Forman leave to amend her complaint. ECF 18. Ms. Forman filed a second amended complaint on November 27, 2024. ECF 20. Secretary Schmidt filed a motion to dismiss the second amended complaint, which has now been fully briefed. ECF 21; ECF 22; ECF 24; ECF 25; ECF 26.

Ms. Forman alleges that she is a Pittsburgh resident, qualified elector of Allegheny County, and a United States citizen. ECF 20, ¶ I. Ms. Forman alleges that Secretary Schmidt "has ignored facts proving that the election machines/systems

utilized in Pennsylvania elections are not certified in compliance with Federal and State code." *Id.* at ¶ IV. Ms. Forman claims that the voting machines used in Pennsylvania are improperly certified, have security vulnerabilities, and render voters unable to verify that their votes are tabulated accurately. *Id.* at p. 6. Ms. Forman contends that Secretary Schmidt's lack of action in decertifying the voting machines violates the Help American Vote Act (HAVA). *Id.*

Ms. Forman also alleges that Secretary Schmidt "has violated federal, state, and constitutional laws" by not decertifying the voting machines after he "was given notice of the violations and vulnerabilities, with evidence, of the electronic voting machines used in the Commonwealth of Pennsylvania[,]" and certifying the November 7, 2023, general election. *Id.* at ¶ VI. Ms. Forman alleges that she "is unable to assure the absolute accuracy of the counting of her vote." *Id.* at ¶ IX. The crux of Ms. Forman's claims is that "she was forced to use potentially vulnerable, and proven illegal (via lack of proper certification) voting machines/systems during multiple elections causing her duress." *Id.* at p. 13.

## DISCUSSION & ANALYSIS

### I. Ms. Forman lacks Article III standing for her claims.

"Federal courts must determine that they have jurisdiction before proceeding to the merits of any claim." *Donald J. Trump for President, Inc. v. Boockvar*, 493 F. Supp. 3d 331, 376 (W.D. Pa. 2020) (Ranjan, J.) (citing *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 94-95 (1998)). "It is axiomatic that standing to sue is a prerequisite to Article III jurisdiction." *Kerchner v. Obama*, 612 F.3d 204, 207 (3d Cir. 2010). The constitutional requirement of standing requires that a plaintiff have: "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016), as revised (May 24, 2016). The plaintiff "bears the burden of establishing these elements." *Id.* "An injury in fact is

an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Berg v. Obama*, 586 F.3d 234, 239 (3d Cir. 2009) (cleaned up).

Here, Secretary Schmidt claims that Ms. Forman lacks standing because her claims that her vote could not be verified and her interest in ensuring that all voters can participate in free and fair elections are generalized grievances, which cannot give rise to an injury in fact. ECF 22, pp. 6-7. The Court agrees; Ms. Forman lacks standing because her claims are generalized and speculative. This is so for three reasons.

First, Ms. Forman neither claims that she was prevented from voting nor that her vote was not counted. Instead, she claims that her vote may not have counted because she had to use "potentially vulnerable" and "proven illegal" voting machines. ECF 20, p. 13. Such claims are not particularized because "to the extent [an individual] would suffer any injury," it would be generalized and not specific to that individual. *Bost v. Ill. State Bd. of Elections*, 114 F.4th 634, 640 (7th Cir. 2024); *Jerusalem v. Dep't of State La.*, No. 22-516, 2023 WL 4537724, at *5 (M.D. La. June 26, 2023) ("Like the many other plaintiffs who claimed their votes [are diluted], Plaintiff's alleged injury is neither concrete nor particularized; rather, it amounts to a generalized grievance about the conduct of the government." (cleaned up)), *report and recommendation adopted*, No. 22-516, 2023 WL 4533918 (M.D. La. July 13, 2023), *aff'd*, No. 23-30521, 2024 WL 194174 (5th Cir. Jan. 18, 2024), *cert. denied sub nom. Jerusalem v. La. Dep't of State*, 144 S. Ct. 2524 (2024).

Second, Ms. Forman's allegations are speculative—she asks "[was] the plaintiff's vote counted? Or was Ms. Forman disenfranchised?" ECF 20, p. 13. These allegations are not sufficient to confer standing because they are too speculative. *Mancini v. Del. Cnty., PA*, No. 24-2425, 2024 WL 4123785, at *3 (E.D. Pa. Sept. 9, 2024) ("Plaintiffs' reliance on the term 'no guarantee' to couch their harm is a clear

indication that the harm they allege is merely speculative."); *Landes v. Tartaglione*, No. 04-3163, 2004 WL 2415074, at *3 (E.D. Pa. Oct. 28, 2004), (finding that "Plaintiff's reliance on the terms 'if' and 'may' to couch her allegations of harm is a clear indication that the harm she alleges is merely speculative.") *aff'd*, 153 F. App'x 131 (3d Cir. 2005).

Third, Ms. Forman generally alleges that Secretary Schmidt violated federal, state, and constitutional law by failing to decertify the voting machines. ECF 20, ¶ VI. But "an injury to an individual's right to have the government follow the law, without more, is a generalized grievance that cannot support standing no matter how sincere." *Bost*, 114 F.4th at 640 (cleaned up).

For these reasons, Ms. Forman's alleged injury is not sufficiently concrete and particularized; she therefore lacks standing.

**II.   Ms. Forman also fails to state any viable claims.**

Even if Ms. Forman had standing, her second amended complaint fails to state any claims on which relief can be granted.

Ms. Forman attempts to bring claims under HAVA, and Section 2 of the National Voting Rights Act (NVRA), as well as the Equal Protection Clause, the Due Process Clause, the First Amendment, the Ninth Amendment, and the Fifteenth Amendment of the U.S. Constitution. ECF 20, ¶ III. All of these claims lack a sufficient legal basis, and so must be dismissed.

First, "HAVA does not include a private right of action that allows aggrieved parties to sue nonconforming states." *Am. Civil Rights Union v. Phila. City Comm'rs*, 872 F.3d 175, 181 (3d Cir. 2017).

Second, although the NVRA does create a private right of action, 52 U.S.C. § 20510, Ms. Forman has failed to plead a violation of that statute. The NVRA concerns voter registration. *Id.* at § 20501. Ms. Forman does not allege that she was unable to register to vote nor does she assert a challenge to the voter rolls; as such, her NVRA

claim fails, as pled.

Third, even construing Ms. Forman's allegations liberally, as the Court is required to do for *pro se* plaintiffs, Ms. Forman has not alleged sufficient facts in her second amended complaint to plead the alleged constitutional violations. "[I]t is clear that conclusory or bare-bones allegations" can't "survive a motion to dismiss: threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (cleaned up). Ms. Forman's allegations related to the constitutional claims are no more than conclusory and bare-bones allegations that cannot support the claims.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Secretary Schmidt's motion to dismiss. Because the Court previously granted a motion to dismiss with leave to amend, the Court does not grant further leave to amend, as it would be futile (at least with respect to the lack of standing) and would also be inequitable (*i.e.*, to authorize a third amended complaint). *See Nelson v. Pennrose Mgmt. Reg'l*, No. 14-1063, 2015 WL 222384, at *3 (W.D. Pa. Jan. 14, 2015) (McVerry, J.) (dismissing case with prejudice and no further leave to amend where allowing a "third bite at the apple would not be equitable"). As such, Ms. Forman's second amended complaint (ECF 20) is **DISMISSED WITHOUT PREJUDICE**, with no further leave to amend and as a final order of this Court.[1] The Clerk of Court therefore shall mark this case as **CLOSED**.

DATE: April 25, 2025

BY THE COURT:

/s/ J. Nicholas Ranjan
United States District Judge

cc:
Brenda Forman
5301 5th Avenue
#9
Pittsburgh, PA 15232

---

[1] The Third Circuit recently clarified that dismissals for lack of Article III standing technically must be "without prejudice," even if they resolve the entire case, and are otherwise final and appealable. *Barclift v. Keystone Credit Servs., LLC*, 93 F.4th 136, 148 (3d Cir. 2024).